## SHELLENBERGER *v.* WARD.

Where a motion is founded on matter outside of the record, it should be verified.

An action on a promissory note, against the maker and indorser, commenced before a justice of the peace. The indorser appeared before the justice, and moved to dismiss the action, for the reason that he resided in a different township from that in which the action was brought, which motion was not sworn to, and which was overruled. He then sued out a writ of error, and the judgment of the justice was affirmed in the district court; *Held*, That the motion was properly overruled.

*Appeal from the Jackson District Court.*

WEDNESDAY, JUNE 8.

WARD made his note to Swigart, or bearer. Swigart assigned the note to plaintiffs, who brought their action before a justice of the peace, against the maker and indorser. Ward appeared before the justice, and moved to dismiss the action, for the reason that he resided in a different township from that in which the action was brought. This motion was overruled, and he prosecuted his writ of error to the district court. In that court, the judgment of the justice was affirmed, and Ward appeals.

*D. F. Spurr*, for the appellant.

*J. W. Jenkins*, for the appellee.

WRIGHT, C. J.—If it should be conceded that the residence of Swigart, the indorser, in the township where the action was brought, would not give the justice jurisdiction over Ward, (if a resident of another township), this judgment would, nevertheless, have to be affirmed. It nowhere appears that Ward's residence was in another township. It is true, that in his motion, he states this fact, but there was no affidavit to that effect—there was no proof of it—nor does the justice return that he so found. In answer to the writ of error, he states that "the motion to dismiss, upon the ground that the court had no jurisdiction over the defendant, Ward, was overruled." For anything that appears, he may have found that both defendants reside in the township where the action was brought, and, as a necessary consequence, that the jurisdiction was unquestionable. Treating the motion as a plea in abatement, the rule is very familiar, that being founded on matter outside of the record, it should have been verified. As it stands in this case, however, it is entirely unsupported by a verification or otherwise.

Judgment affirmed.